**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

MID-AMERICA APARTMENTS LP, etc.,

    Plaintiff,

v.

                                    Case No. 3:19-cv-52-J-34PDB

DAVID VANNEST and
TIFFANY PHILLIPS,

    Defendants.
_____/

## ORDER

**THIS CAUSE** is before the Court on Defendant David Vannest's (Vannest) Petition for Removal and Federal Stay of Eviction Pursuant to 28 USC 1441 (B) (Doc. 1; Petition). Federal courts are courts of limited jurisdiction and therefore have an obligation to inquire into their subject matter jurisdiction. See Kirkland v. Midland Mortg. Co., 243 F.3d 1277, 1279-80 (11th Cir. 2001). This obligation exists regardless of whether the parties have challenged the existence of subject matter jurisdiction. See Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999) ("[I]t is well settled that a federal court is obligated to inquire into subject matter jurisdiction sua sponte whenever it may be lacking."). "The existence of federal jurisdiction is tested as of the time of removal." Ehlen Floor Covering, Inc. v. Lamb, 660 F.3d 1283, 1287 (11th Cir. 2011); see also Adventure Outdoors, Inc. v. Bloomberg, 552 F.3d 1290, 1294-95 (11th Cir. 2008). "In a given case, a federal district court must have at least one of three types of subject matter jurisdiction: (1) jurisdiction under a specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)." Baltin v. Alaron Trading

Corp., 128 F.3d 1466, 1469 (11th Cir. 1997). Here, Vannest seeks to invoke the Court's federal question jurisdiction.[1] See Petition at 2.

"In determining whether jurisdiction exists under 28 U.S.C. § 1331, a court must look to the well-pleaded complaint alone." Adventure Outdoors, 552 F.3d at 1295; see also Kemp v. Int'l Bus. Mach. Corp., 109 F.3d 708, 712 (11th Cir. 1997) ("A case does not arise under federal law unless a federal question is presented on the face of plaintiff's complaint."). To meet his burden of proving proper federal jurisdiction, the removing "defendant[ ] must show that the plaintiff['s] complaint, as it existed at the time of removal, provides an adequate basis for the exercise of federal jurisdiction." Adventure Outdoors, 552 F.3d at 1294-95; see also Ehlen Floor Covering, 660 F.3d at 1287. "Any doubts about the propriety of federal jurisdiction should be resolved in favor of remand to state court." Adventure Outdoors, 552 F.3d at 1294. Moreover, a district court "may remand a case sua sponte for lack of subject matter jurisdiction at any time." Corporate Mgmt. Advisors, Inc. v. Artjen Complexus, Inc., 561 F.3d 1294, 1296 (11th Cir. 2009) (citing 28 U.S.C. § 1447(c)).

Plaintiff Mid-America Apartments LP (Plaintiff) initiated this case on December 20, 2018, by filing a complaint for eviction in the County Court, in and for Clay County, Florida. See Complaint for Tenant Eviction (Doc. 2; Complaint). Vannest attempted to remove the eviction action to this Court on January 9, 2019.[2] See generally Petition. Upon review, the Court finds that this case is due to be remanded because the Court lacks federal question jurisdiction over this action. Indeed, the only claim Plaintiff asserts in the Complaint does

---

[1] Vannest does not assert, nor does it appear, that the Court has diversity jurisdiction over this action.
[2] It appears that the filing of the Petition has not delayed the county court eviction proceedings, as the county court judge entered a final judgment on January 15, 2019, and the case is now closed. See Case No 2018-SC-002804.

2

not present a federal question or arise under a specific statutory grant. Instead, Plaintiff asserts a single claim of eviction under state law. See generally Complaint. A state law claim may give rise to federal question jurisdiction if it "necessarily raise[s] a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg., 545 U.S. 308, 314 (2005); see also Adventure Outdoors, 552F. 3d at 1295 (recognizing "that 'Grable exemplifies' a 'slim category' of cases.") (citation omitted). On the face of the Complaint, however, Plaintiff does not raise a "substantial" federal question, as it simply seeks to evict two tenants from an apartment. See generally Complaint.

Nevertheless, Vannest alleges that because Plaintiff is "attempting to collect a debt in violation of the Fair Debt Collection Practices Act [(FDCPA)]," this Court has federal question jurisdiction under 28 U.S.C. § 1331, and therefore, the action is removable pursuant to 28 U.S.C. § 1441.[3] See Petition at 2. To the extent Vannest is attempting to assert a counterclaim against Plaintiff under the FDCPA, the Court finds that such a counterclaim cannot serve as a basis to establish federal question jurisdiction.[4] See Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc., 535 U.S. 826, 830-32 (2002) ("[W]e decline to transform the longstanding well-pleaded complaint rule into the 'well-pleaded-

---

[3] The Court notes that the Complaint includes an FDCPA notice, which informs Defendants that the "lawsuit is an attempt to collect a debt any information obtain will be used for that purpose." Complaint at 2. To the extent Vannest relies on the FDCPA notice as a basis for subjection matter jurisdiction, the Court finds that the notice cannot serve as a basis for federal question jurisdiction as the Complaint plainly does not assert a claim against Defendants pursuant to the FDCPA.

[4] Vannest also suggests that the Court has supplemental jurisdiction of the eviction action pursuant to 28 U.S.C. § 1367(a). However, pursuant to section 1367, a court must first have federal question jurisdiction before it can exercise supplemental jurisdiction over any state law claims. As explained supra, the instant Complaint does not present a federal question.

3

complaint-<u>or-counterclaim</u> rule.'") (emphasis in original).[5]  As such, upon review of the Complaint, which presents no federal claim, the Court determines that it lacks subject matter jurisdiction over this action and removal is improper.

Accordingly, it is hereby **ORDERED**:

1. The Clerk of the Court is **DIRECTED** to remand this case to the County Court, in and for Clay County, Florida, and to transmit a certified copy of this Order to the clerk of that court.

2. The Clerk is further **DIRECTED** to terminate all pending motions and deadlines as moot and close the file.

**DONE AND ORDERED** at Jacksonville, Florida, on January 16, 2019.

*[signature]*
MARCIA MORALES HOWARD
United States District Judge

lc23

Copies to:

Counsel of Record
Pro Se Parties

Clay County Clerk of Court

---

[5] A review of the county court docket shows that Vannest has not actually asserted such a counterclaim.